**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARTIN SORLIEN,

      Petitioner,                            CASE NO. 08-11855
                                           HONORABLE PAUL D. BORMAN

v.                                        UNITED STATES DISTRICT JUDGE

PERCY CONERLY,

      Respondent.

_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS; (2) DENYING A CERTIFICATE OF APPEALABILITY; AND (3) DENYING
LEAVE TO APPEAL IN FORMA PAUPERIS**

      Martin Sorlien, ("petitioner"), presently confined at the Bellamy Creek Correctional

Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2254. In his *pro se* application, petitioner challenges his conviction for arson of a dwelling

house, M.C.L. § 750.72; and first-degree home invasion, M.C.L. § 750.110a(2). For the reasons

stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

**I.  BACKGROUND**

      Petitioner was convicted of the above offenses following a jury trial in the Macomb

County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's

conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are

presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich.

2001):

> On the night of July 9 and 10, 2004, defendant encountered Stanley Kowalski at a
> local bar in Warren, Michigan. An altercation ensued, and defendant was told to
> leave. Defendant returned to the bar a couple of hours later but was again told to

1

leave.  Later that evening, Kowalski and a friend left the bar and returned to Kowalski's trailer.  While they were inside, a roll of carpet lying on two chairs in the enclosed porch of Kowalski's trailer was intentionally set on fire.  A bicycle stored inside the porch was also propped against the outside storm door leading to the porch, preventing the door from opening from the inside.  Police officers responding to an unrelated matter noticed the fire and evacuated Kowalski and his friend.  After extinguishing the fire, the officers located defendant near Kowalski's trailer.

***

The prosecution presented sufficient circumstantial evidence from which a jury could infer that defendant willfully and maliciously set the fire.  First, evidence presented at trial established that the fire had been set intentionally.  Furthermore, an altercation occurred between defendant and Kowalski at a local bar hours before the fire occurred, and a reasonable juror could presume that defendant was angry with Kowalski and would have a motive to willfully and maliciously damage his trailer.  Moreover, witnesses saw defendant walking through the trailer park near Kowalski's residence shortly after police extinguished the fire.  If defendant was walking home from the bar, as he claimed, he could have only entered the trailer park if he scaled a tall fence or took an indirect path to use the only park entrance.  When police found defendant, they found a disposable cigarette lighter on his person.  As defendant was placed inside the police car, he told Kowalski that he would "get [him] next time."  Finally, approximately six months before the events leading to defendant's convictions, defendant and Kowalski had a similar altercation at the same bar.  Hours later, a fire was intentionally set outside Kowalski's trailer, causing damage.  This circumstantial evidence is sufficient to establish that defendant had the intent and opportunity to willfully and maliciously cause the fire damaging Kowalski's trailer and, therefore, committed arson.

*People v. Sorlien,* No. 264593, * 1-2 (Mich. Ct.App. December 14, 2006).

Petitioner's conviction was affirmed on appeal. *Id., reconsideration den.,* No. 264593 (Mich. Ct.App. February 7, 2007); *lv. den.* 478 Mich. 870 (2007); *reconsideration den.* 480 Mich. 863 (2007); *cert. den. sub nom Sorlien v. Michigan,* 128 S. Ct. 1076 (2008); *reh. den.* 128 S. Ct. 1700 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  The arson conviction must be reversed because the prosecution failed to present constitutionally sufficient evidence that petitioner was personally responsible for the fire.

II.  The petitioner's convictions are against the great weight of the evidence.

## II.    STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved
>> an unreasonable application of, clearly established Federal law,
>> as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at

410-11.

## III.  ANALYSIS

### A.  Petitioner's motion to strike respondent's pleading is denied.

Petitioner first moves to strike respondent's answer, on the ground that it was not filed

with this Court by the November 7, 2008 deadline for respondent to file an answer.  Petitioner's

motion is denied, because respondent's answer was, in fact, filed with this Court on November

3

7, 2008. (Doc. No. 9).

**B. Petitioner's motion for a jury trial is denied.**

Petitioner has also filed a motion for a jury trial on his habeas petition. A habeas petitioner is not entitled to a jury trial on the allegations contained in a habeas petition. *See Wright v. Curtis,* No. 2006 WL 799840, * 2 (E.D. Mich. March 28, 2006) (*citing Bean v. Calderon*, 166 F.R.D. 452, 454 (E.D. Cal. 1996); *Wickliffe v. Clark,* 783 F. Supp. 389, 390 (N.D. Ind. 1991)). Petitioner's motion is therefore denied.

**C. Petitioner's request for respondent to produce the Rule 5 materials is denied.**

Petitioner has also filed a request for the respondent to provide the Rule 5 materials. A review of the Court's docket indicates that the Rule 5 materials from petitioner's trial and appeals have been provided to this Court. (Doc. No. 14). Accordingly, there is no reason to compel the production of these documents. Petitioner's motion to order respondent to file the Rule 5 materials will therefore be denied. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

**D. Petitioners' sufficiency of evidence/great weight of the evidence claims.**

The Court will discuss petitioner's first two claims together, because they are interrelated. In his first claim, petitioner contends that there was insufficient evidence to prove that he was the person who broke into the victim's trailer and committed the arson. In his second claim, petitioner contends that the verdict went against the great weight of the evidence.

To the extent that petitioner argues that the evidence was insufficient to convict him of arson or first-degree home invasion, his claim would be without merit. A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after

4

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).  A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Dell v. Straub,* 194 F. Supp. 2d at 647.  A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.*

Under Michigan law, the elements of arson of a dwelling house are that: (1) a dwelling house was burned; (2) by, or at the urging of, or with the assistance of the defendant; and (3) the fire was willfully or maliciously set. *See Gardner v. Kapture,* 261 F. Supp. 2d 793, 804 (E.D. Mich. 2003)(citing *People v. Lindsey*, 83 Mich. App. 354, 355; 268 N.W. 2d 41 (1978)).  Under Michigan law, circumstantial evidence, including evidence of a defendant's motive and opportunity, may be considered in an arson case. *See Bagnick v. Michigan Dept. Of Corrections,* 37 Fed. Appx. 125, 128 (6th Cir. 2002)(*citing People v. Horowitz*, 37 Mich. App. 151, 154; 194 N.W.2d 375, 376 (1971)). *See also People v. Nowack*, 462 Mich. 392, 402-403, 614 N.W.2d 78 (2000)(evidence of arson usually circumstantial); *People v. Porter*, 269 Mich. 284, 292; 257 N.W. 705, 708 (1934)("The crime of arson is so peculiarly one of secrecy that often the only evidence of the unlawful character of the fire is found in the acts and admissions

5

of a person having opportunity and motive.").

In the present case, the prosecution presented sufficient circumstantial evidence from which a jury could infer that petitioner was the person responsible for willfully and maliciously starting the fire.  As the Michigan Court of Appeals indicated in their opinion, there was evidence presented at trial to establish that the fire had been set intentionally.  Witnesses testified that an altercation occurred between petitioner and the victim at a local bar hours before the fire occurred.  Witnesses observed petitioner walking through the trailer park near the victim's trailer shortly after the police put the fire out.  Moreover, if petitioner was walking home from the bar, as he claimed, he could have only entered the trailer park if he scaled a tall fence or took an indirect path to use the trailer park's only entrance.  Police found a disposable cigarette lighter on petitioner when they detained him.  As petitioner was placed inside the police car, he told the victim that he would "get [him] next time."  Finally, approximately six months before the events leading to petitioner's convictions, petitioner and the victim had a similar altercation at the same bar.  During this earlier altercation, petitioner had threatened to burn the victim's house down and had advised several of the bar patrons that they would see him on the news the next day, presumably for setting the fire.  Hours later, a fire was intentionally set outside the victim's trailer, causing damage.  This circumstantial evidence is sufficient to establish that petitioner had the intent and opportunity to willfully and maliciously cause the fire which damaged the victim's trailer.  Viewed in the light most favorable to the prosecution, the evidence at trial was sufficient under Michigan law to establish the elements of the crime of arson, so as to preclude habeas relief for petitioner. *Bagnick,* 37 Fed. Appx. at 129-30.

6

There was likewise sufficient evidence to convict petitioner of first-degree home invasion. Under Michigan law, a person is guilty of first-degree home invasion if he breaks and enters a dwelling "with the intent to commit a felony, larceny, or assault." Michigan's first-degree home invasion statute includes all of the elements of the burglary of a dwelling, but also requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004)(citing *United States v. Garcia-Serrano,* 107 Fed. Appx. 495, 496-97 (6th Cir. 2004)).

In the present case, there was sufficient evidence to convict petitioner of first-degree home invasion. As the Michigan Court of Appeals indicated when rejecting petitioner's great weight of the evidence claim, the fire occurred when a roll of carpet lying on two chairs in the victim's enclosed porch was ignited. A reasonable fact-finder could have concluded that petitioner would have entered the porch from outside to set the carpet on fire. The victim was in the trailer at the time the fire was set, but he had not given petitioner permission to enter his trailer. Finally, arson is a felony under Michigan law. *Sorlien,* Slip. Op. at * 3. When viewed in a light most favorable to the prosecution, the evidence at trial was sufficient to permit a rational trier of fact to conclude that petitioner had committed the offense of first-degree home invasion.

Finally, to the extent that petitioner challenges the credibility of the witnesses, he would not be entitled to habeas relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v.*

*Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Petitioner is therefore not entitled to habeas relief on his claims.

Turning to petitioner's second claim, a federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796; *see also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

IV.     CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 30, 2009.

S/Denise Goodine
Case Manager

9