**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN SORLIEN,

    Petitioner,                                                      CASE NO. 2:08-11855
                                                               HONORABLE PAUL D. BORMAN
v.                                                          UNITED STATES DISTRICT JUDGE

PERCY CONERLY,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND**
**TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

On March 30, 2009, this Court issued an opinion and order denying petitioner's application for habeas relief brought pursuant to 28 U.S.C. § 2254. This Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. Sorlien v. Conerly,* No. 2009 WL 877648 (E.D.Mich. March 30, 2009). Petitioner has now filed a motion for rehearing, which is essentially a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED.** The Court further concludes that it must transfer this case to the Court of Appeals in order for petitioner to obtain authorization to file a second or successive petition.

Eastern District of Michigan Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d

1

710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.* (citing E.D. MICH. L.R. 7.1(g)(3)).

Petitioner initially contends that this Court erred in rejecting his sufficiency of evidence and great weight of the evidence claims. Petitioner, however, merely advances the same arguments in his motion for reconsideration that he raised in his petition for writ of habeas corpus. Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus and denied petitioner a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Petitioner, however, further contends in his motion for reconsideration that he was deprived of his Sixth Amendment right to the effective assistance of counsel. The problem for petitioner is that he never raised an ineffective assistance of counsel claim in his original habeas petition. In general, a motion for reconsideration is not considered an appropriate vehicle for a party to raise new facts or arguments. *See United States v. A.F.F.,* 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). A motion to reconsider "[s]erves the limited purpose of allowing a court to correct manifest errors of law or fact. A motion to reconsider should be used neither to introduce new evidence that was available during the original consideration nor to introduce new legal theories." *Carlson v. Reno,* 56 F. Supp. 2d 997, 998 (N.D. Ill. 1999)(internal citation omitted). More importantly, petitioner's belated ineffective assistance of counsel claim which he raises for the first time in his motion for reconsideration amounts to an unauthorized second or successive

habeas petition. *See Schwamborn v. U.S.*, 507 F. Supp. 2d 229, 231 (E.D.N.Y. 2007).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits. Petitioner's attempt to raise an ineffective assistance of counsel claim in his motion for reconsideration amounts to a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive

petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

**CONCLUSION**

    **IT IS HEREBY ORDERED** that the motion for reconsideration is **DENIED.**

    **IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2009

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 18, 2009.

                                        s/Denise Goodine  
                                        Case Manager